# In the United States Court of Federal Claims

No. 15-900C
(Filed December 20, 2016)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * *
                      *
                      *

**PARTNERSHIP FOR SUPPLY**   *
**CHAIN MANAGEMENT INC.,**   *
                      *

       Plaintiff,   *
                      *

   v.   *
                      *

**THE UNITED STATES,**   *
                      *

       Defendant,   *
                      *

   and,   *
                      *

**CHEMONICS INTERNATIONAL,**   *
**INC.,**   *
                      *

       Defendant-Intervenor.   *
                      *
* * * * * * * * * * * * * * * * * *

## ORDER

The above-captioned case was a bid protest brought by the Partnership for Supply Chain Management (PfSCM). The Court orally ruled against plaintiff and in favor of the government and defendant-intervenor Chemonics International, Inc. (Chemonics or intervenor). *See* Order (Dec. 21, 2015) (denying plaintiff's motion for judgment on the administrative record). After the transcript which included the oral ruling was filed under seal due to the protective order in this case, the Court ordered the parties to file any requests to redact that transcript, including any necessary justification. *See* Order (Jan. 11, 2016). Plaintiff and the intervenor have each submitted such requests, *see* Pl.'s. Proposed Redactions to Hearing Transcripts (Pl.'s Request), ECF No. 51; Intervenor's Proposed Redacted Transcripts (Int.'s Request), ECF No. 50, to which defendant does not object, Def.'s Resp. to Pl.'s and Def.-Intervenor's Proposed Redacted Transcripts (Def.'s Resp.), ECF No. 52.

The parties' requests must be viewed in light of the "presumption of public access to judicial records," *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008), which may extend to "materials on which a court relies in determining the litigants' substantive rights," *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). This common law presumption rests on the notion "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9–10 (1st Cir. 1998) (citation and internal quotation marks omitted); *see also Baystate Techs.*, 283 F. App'x at 810 (same); *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 131 (2010) (same).

The Supreme Court, however, has recognized that this right "is not absolute," and may not allow access to "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1332–33 (D.C. Cir. 1985) (citing *Nixon*, 435 U.S. at 597–98); *Linc Gov't Servs., LLC v. United States*, 96 Fed. Cl. 672, 723–25 (2010) (noting that the private interest in preventing a competitor from obtaining an unfair competitive advantage can overcome the public interest in having judicial records be available to the public). Accordingly in this case, as in most bid protests, a protective order was entered covering "information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information." Prot. Order ¶ 1 (Aug. 21, 2015). Such an order does not indiscriminately preclude disclosure of all information contained in proposals and evaluation documents, as only information that is "competition-sensitive or otherwise protectable" may be protected. *Id.* at 1.

Intervenor seeks first to redact from the oral ruling information concerning the manner in which it determined proposed compensation rates. Int.'s Request at 2. The name of the firm which prepared a study of compensation rates may be redacted, but not a generic description of the contents of the study --- as the latter reveals no specific, competition-sensitive information. Similarly, a basic description of the type of information consulted by intervenor in setting labor rates will not be redacted, as this does not reveal any rates nor constitutes a proprietary business method, and the issue discussed would be rendered unintelligible without this passage. *See, e.g.*, *InSpace 21 LLC v. United States*, No. 15-364C, 2016 WL 4611057, at *1 (Fed. Cl. Sept. 6, 2016). Two specific details concerning the manner in which the data was employed in setting compensation rates could be considered a proprietary business method, and these are accordingly redacted.

The next redactions proposed by intervenor concern differences in the approach to training between its proposal and PfSCM's proposal. Int.'s Request at 3. Plaintiff also seeks to redact a portion of this discussion. Pl.'s Request at 1–2.

This information, however, is a very general comparison of the qualities of the work proposed, and a description of how the information was presented. None of this is protectable, particularly considering that Chemonics has been performing the contract for some time now.

The next area of redactions proposed by the parties concern the proposed Information Technology systems. The Court agrees that references to the specific type of system proposed by each offeror may be redacted. The reference to the use of a predecessor contract's rules, however, is specific to this procurement and cannot be competition-sensitive, given that the procurement process is completed.

The final redaction requested is the name of one of intervenor's sub-contractors. The performance of the contract has revealed the identity of this business, and thus there is no basis for its redaction.

As described above, the redactions requested by the parties have been **GRANTED-IN-PART** and **DENIED-IN-PART**. A separate order will issue, under seal, directing the court reporter to make the redactions and file a public version of this transcript.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge